IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Judge Wiley Y. Daniel**

Civil Action No.  05-cv-00569-WYD-PAC

GRANT PECK; and
DEAN SESSIONS,

    Plaintiffs,

v.

PACIFIC CMA, INC., a Delaware corporation,

    Defendant.

---

**ORDER ON CROSS MOTIONS FOR SUMMARY JUDGMENT**

---

I.    <u>INTRODUCTION</u>

THIS MATTER is before the Court on cross motions for summary judgment.  On December 21, 2005, Plaintiffs Grant Peck and Dean Sessions filed their Motion for Summary Judgment Pursuant to F.R.Civ.P. 56(a).  Also on December 21, 2005, the Defendant Pacific CMA, Inc. filed its Motion for Summary Judgment, or in the Alternative, Referral of Action.

By way of background, Plaintiffs seek a declaratory judgment and damages arising from a claimed exemption from the registration requirements of Section 5 of the Securities Act of 1933.  (First Am. Comp. ¶ 1.)  Plaintiffs assert that the Defendant has a duty to remove the restrictive legend from the stock certificates and reissue the shares to Plaintiffs.  As a result of Defendant's failure to remove the restrictive legend from Plaintiff's share certificates, Plaintiffs have been unable to sell their shares at a

higher price than the current value.  (First Am. Comp. ¶¶ 30-31.)

Both motions for summary judgment address the Securities Act of 1933. Specifically, Plaintiffs argue that they are exempt from the registration requirements set forth in Section 5 of this Act.  The Defendants, on the other hand, contend that the Plaintiffs have failed to meet their burden of proving that an exception applies in this case.  For the reasons stated below, Plaintiffs' Motion for Summary Judgment Pursuant to F.R.Civ.P. 56(a) is denied.  Defendant's Motion for Summary Judgment, or in the Alternative, Referral of Action is also denied.

II.     ANALYSIS

    A.     Plaintiff's Motion for Summary Judgment

        1.     Standard of Review

Pursuant to Rule 56(c) of the Federal Rules of Civil Procedure, the court may grant summary judgment where "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and the . . . moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c); *see Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250 (1986); *Equal Employment Opportunity Comm. v. Horizon/CMS Healthcare Corp.*, 220 F.3d 1184, 1190 (10th Cir. 2000).  "When applying this standard, the court must 'view the evidence and draw all reasonable inferences therefrom in the light most favorable to the party opposing summary judgment.'" *Atlantic Richfield Co. v. Farm Credit Bank of Wichita*, 226 F.3d 1138, 1148 (10th Cir. 2000) (quotation omitted).  All doubts must be resolved in favor of the existence of triable issues of fact. *Boren v.*

*Southwestern Bell Tel. Co.*, 933 F.2d 891, 892 (10th Cir. 1991).

    2.    <u>Introduction</u>

Plaintiffs assert they are entitled to summary judgment as a matter of law on the issue of an exemption from the registration requirements pursuant to Section 5 of the Securities Act. 15 U.S.C. §§ 77d-77e. Plaintiffs initially acquired shares in the Defendant corporation via a private transaction that was not registered under Section 5 of the Securities Act. Consequently, Plaintiffs' shares "bear a restrictive legend, providing in effect, that the shares may not be sold unless pursuant to a registration statement or an exemption from registration." (Pl.s' Mot. at 9.) Plaintiffs assert that they are entitled to the exemption established by Section 4(1) of the Securities Act because they are neither issuers, underwriters, nor dealers. Further, Plaintiffs argue that as, a matter of law, both an exemption has existed for some time, and the Defendant is under a duty to issue shares without a restrictive legend.

Defendant argues, in response, that Plaintiffs have erred in their interpretation of the law. Defendant contends that Plaintiffs are statutory underwriters and therefore, their shares "cannot be lawfully sold unless and until the appropriate Securities Act Registration Statement is filed and declared effective." (Def.'s Response at 6-7.) Additionally, Defendant asserts that on August 2, 2002, Plaintiffs entered into a permanent injunction which enjoined them from committing future violations of the registration provisions of the Securities Act. Defendant claims that it had no authority to allow the transfer of shares because such an action would directly violate the permanent injunction. Finally, Defendant claims that "[t]he Plaintiffs never had a legal

right to sell their shares of" Defendant stock without a Securities Act registration, and therefore, could not have suffered any financial loss. (Def.'s Response at 9.) I address Defendant's argument regarding the injunction in section B of this order.

      3.    <u>Analysis</u>

Turning to my findings, "[t]he general policy of the Securities Act is to provide for full disclosure of every essentially important element" regarding the distribution of securities. *Quinn v. SEC*, 452 F.2d 943, 946 (10th Cir. 1971). Thus, under Section 5 of the Securities Act [15 U.S.C. § 77e], it is unlawful for any security to be sold or offered for sale unless a registration statement has been filed and is effective. However, Section 4(1) of the Securities Act [15 U.S.C. § 77d(1)] outlines the types of transactions that are exempt from the registration requirements of Section 5. These exemptions are designed to merely outline certain situations in which Congress considered the restrictions to be unduly burdensome. As such, the exemptions must be strictly construed and the movant has the burden of showing he falls within the exemption as public policy strongly supports registration. *Quinn,* 452 F.2d at 946.

Specifically, section 4(1) provides exemptions for persons other than an issuer, underwriter, or dealer. The issue at hand is whether the Plaintiffs are underwriters within the meaning of Section 4(1). Section 2(a)(11) of the Securities Act defines an underwriter as

> any person who has purchased from an issuer with a view to, or offers or sells for an issuer in connection with, the distribution of any security, or participates or has a direct or indirect participation in any such undertaking . . . As used in this paragraph the term "issuer" shall include, in addition to an issuer, any person directly or indirectly controlling or controlled by the issuer, or any person under direct or indirect common

control with the issuer.

15 U.S.C. § 77b(a)(11). The Tenth Circuit has interpreted this statutory definition and held that "the term underwriter is not limited to its common definition, but is rather a word of art. An underwriter is one who purchases stock from the issuer with an intent to resell to the public." *Quinn*, 452 F.2d at 946. The Tenth Circuit further defined underwriters as persons who received shares for redistribution and those who participated in that transaction. *Andrews v. Blue*, 489 F.2d 367, 374 (10th Cir. 1973). Additionally, in *Eugene England Found. V. First Fed. Corp.*, 663 F.2d 988, 990 (10th Cir. 1973), the Tenth Circuit held that even if the original taking of stock was not with the intention to remove the transfer restriction, a party is an underwriter when he subsequently wished to remove the restriction in order to resell the stock to the public.

Under the controlling Tenth Circuit case law, the determination of whether the parties are underwriters is fact specific. Turning to the case at hand, I find that there are genuine issues of fact in dispute in this case pursuant to FED. R. CIV. P. 56(e). FED. R. CIV. P. 56(e) requires that the nonmoving party is not to rest solely on the allegations in the pleadings, but must instead designate specific facts showing that there is a genuine issue for trial. Accordingly, the pertinent facts regarding the underwriter issue (many disputed) are set forth below.

In 1997, Plaintiffs each acquired 2.5 million shares of Defendant stock in a purchase from the sole shareholder in a private transaction. (Pl.'s Mot. at 5.) On September 30, 1999, both Plaintiffs gifted or transferred between 8500-16000 shares to

certain family members.  (Pl.'s Mot. at 5.)  Defendant disputes this fact and contends that Plaintiffs retained control of these shares in order to control the majority of the Defendant's "freely tradable common stock by gifting a significant amount of their remaining shares to other Nominees, *i.e.* family, friends and business associates." (Def.'s Mot. at 5.)  Specifically, Frank Jackson was gifted 575,000 shares from Plaintiffs.  However, in his deposition, Mr. Jackson testified that he was unaware of the gift and had no knowledge that he owned stock in the Defendant company.  (Jackson Dep. 10:9-25, November 2, 2005.)  Defendant further claims the Plaintiffs, through their nominees, directed the sale and sold Defendant stock to the public.  (Def.'s Mot. at 6; Jackson Dep. 11:3-10, 13:6-12.)

In 2000, the Defendant company acquired another company controlled by Alfred Lam.  As part of that acquisition, Plaintiffs sold a total of 9 million shares to Mr. Lam in a private transaction.  (Pl.'s Mot. at 5-6.)  Defendant contends that Plaintiffs sold these shares through a reverse merger, creating newly merged public entities with "Lam's company being subsumed by Pacific [Defendant company] which gained NASD approval to list its common stock on the Bulletin Board . . . ." (Def.'s Mot. at 2; Ex. 5 10-SB; Ex. A; Ex. B)  This disputed fact is central to the analysis of whether Plaintiffs are underwriters.  The Tenth Circuit has held that one who receives shares for redistribution or participates in such a transaction is an underwriter.  *See Andrews*, 489 F.2d at 374.  Accordingly, I find that there are genuine issues of material fact regarding whether the Plaintiffs are underwriters, and that summary judgment is not proper on this claim.

### B.      DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

#### 1.      Introduction

Defendant's Motion for Summary Judgment seeks the dismissal of Plaintiffs' Amended Complaint.  Alternatively, the Defendant seeks a transfer and referral of this action to the United States District Court for the Northern District of California ("USDCNDC").  In 2002, the USDCNDC issued a permanent injunction against both Plaintiffs enjoining them from wrongfully selling their shares of Defendant stock "into the public market without benefit of registration, in violation of the provisions of the Securities Act of 1933 as amended [15 U.S.C. § 77a et seq.] (the "Securities Act")."  (Def.'s Mot. at 9.)

Specifically, the Defendant argues that the injunction enjoins the Plaintiffs from conduct that violates the registration requirement of Section 5 of the Securities Act.  (Def.'s Mot. at 9.)  This enjoined conduct is similar to Plaintiffs' conduct in the instant case.  In the USDCNDC case, the Plaintiffs were deemed underwriters, and the "sale of their underwriter's shares violated the prohibitions of Section 5 of the Securities Act."  (Def.'s Mot. at 9.)  Analogous to the case at hand, the Defendant argues that Plaintiffs' shares are underwriter's shares, making it a violation of both Section 5 of the Securities Act and the injunction issued by the USDCNDC to sell those shares.  (Def.'s Mot. at 9.)  Finally, Defendant argues that this Court should seek the assistance of the Securities and Exchange Commission in determining whether Plaintiffs are statutory underwriters in the instant case.  (Def.'s Mot. at 10 n.10.)  For the reasons stated below, this motion is summarily denied.

2. <u>Analysis</u>

First, I will address the issue of the injunction issued by the USDCNDC in 2002. Defendant attached the SEC's complaint in this action and a press release from the SEC regarding this litigation as exhibits. However, Defendant failed to provide this Court with the actual injunction that is the subject of its argument. Further, the Defendant failed to provide any support or authority for its claim that the USDCNDC's injunction should be enforced by this Court. As such, this argument is rejected.

Second, I will address Defendant's argument that this case should be transferred to the Northern District of California. Defendant has failed to provide any authority supporting this assertion. Therefore, this argument is rejected.

Third, I will address Defendant's argument that this Court should seek the assistance of the Securities and Exchange Commission in determining whether the Plaintiffs are underwriters. Defendant has failed to provide any authority supporting this assertion. Therefore, this argument is rejected.

Finally, I will address Defendant's argument that Plaintiffs do not qualify for an exemption to registration requirements of the Securities Act according to the "Worm Letters." Defendant fails to provide any authority to support its interpretation of this document or on how the Court should construe this exhibit. Accordingly, this argument is rejected.

III.     CONCLUSION

In conclusion, for the reasons stated above, it is

ORDERED that Plaintiffs' Motion for Summary Judgment Pursuant to Fed. R. Civ. P. 56(a) [# 34], filed December 21, 2005, is **DENIED.**  It is

FURTHER ORDERED that Defendant's Motion for Summary Judgment, or in the Alternative, Referral of Action [# 33], filed December 21, 2005, is **DENIED.**

Dated:  November 17, 2006

BY THE COURT:

s/ Wiley Y. Daniel
Wiley Y. Daniel
U. S. District Judge